UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

BILLY HERNANDEZ,
    Plaintiff,


     v.                                         CIVIL ACTION NO.
                                                 09-11959-JLT

MICHAEL ASTRUE,
    Defendant.


              **REPORT AND RECOMMENDATION RE:**
        **DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT UNDER**
        **SENTENCE FOUR OF 42 U.S.C. SECTION 405(g) WITH**
        **REVERSAL AND REMAND (DOCKET ENTRY # 14); MOTION**
          **TO REVERSE THE DECISION OF THE COMMISSIONER**
                       **OF SOCIAL SECURITY**
                       **(DOCKET ENTRY # 11)**

                          **May 12, 2011**


**BOWLER, U.S.M.J.**

    On March 1, 2011, the district judge referred this case to the undersigned for a report and recommendation on a motion to reverse a decision by defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner") (Docket Entry # 11) filed by plaintiff Billy Hernandez ("plaintiff"). On April 21, 2011, however, the Commissioner filed a motion requesting the court enter "a judgment with a reversal and remand of the cause to the Commissioner" under sentence four of 42 U.S.C. § 405(g). (Docket Entry # 14).

    Due to an oversight, this court issued a ruling in the form of an order as opposed to a report and recommendation mooting the motion to reverse (Docket Entry # 11). In addition, this court

erroneously issued a ruling on the motion to remand (Docket Entry # 14) which had not been referred to this court for any ruling, even one in the form of a report and recommendation. Finally, this court erroneously entered a final judgment. (Docket Entry # 16).

This court did not have the authority to enter a final judgment. See 28 U.S.C. § 636(b) & (c); Kalan v. City of St. Francis, 274 F.3d 1150, 1153 (7th Cir. 2001) ("[b]e it a final judgment or a final order denying a motion for relief from judgment, without a valid consent, Magistrate Judge Gorence did not possess the authority to enter either") (citing 28 U.S.C. § 636(c)(1)); Columbia Record Productions v. Hot Wax Records, Inc., 966 F.2d 515, 517 (9th Cir. 1992) (failing "to find a statutory basis for the magistrate judge's order, we conclude that he lacked authority to enter it" and "accordingly vacate that order and remand the matter to the district court"). This court also lacked the authority to enter the order on the motion to remand because it was not referred to this court for a report and recommendation let alone an order at the time of the ruling.[1] See Parks By and Through Parks v. Collins, 761 F.2d 1101, 1107 (5th Cir. 1985) ("[s]hould the district court conclude no such authority existed, it would then be proper for it to vacate the

---

[1] It was not until may 12, 2011, that the court issued a referral of the motion to remand to this court. (Docket Entry # 17).

magistrate's order and proceed to decide the motions anew"). As explained by one court in the context of a social security action:

> The magistrate had no authority to award attorney's fees for representation of a Social Security claimant in administrative proceedings, "that power being granted by 42 U.S.C. [sec.] 406(a) to the Secretary alone." MacDonald v. Weinberger, 512 F.2d 144, 146 (9th Cir. 1975) . . . Because the magistrate exceeded his authority and acted without jurisdiction, that portion of the order awarding fees for representation at the administrative level was void. Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985); Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984); see generally United States v. Walker, 109 U.S. 258, 3 S.Ct. 277, 27 L.Ed. 927 (1883) (court order beyond power conferred by statute is void).

Stenswick v. Bowen, 815 F.2d 519, 521 (9th Cir. 1987). In short, because this court lacked jurisdiction to allow the motion to remand and to enter the final judgment, it is appropriate to vacate the order and the final judgment.

Under Rule 60(b)(4), Fed. R. Civ. P., the court has the authority to sua sponte void an order or a final judgment as long as the parties have notice. See McLearn v. Cowen & Co., 660 F.2d 845, 849 (2nd Cir. 1981) (although Rule 60(b) "requires a motion for relief from the judgment, it has been held that the court on its own motion may set aside a void judgment provided notice"); In re Missouri Properties, Ltd., 211 B.R. 914, 924 (W.D.Mo. 1996) (court "may set aside a void judgment or order '"provided notice has been given of the contemplated action and the party adversely affected has been given an opportunity to be heard"'") (quoting

3

Mclearn, 660 F.2d at 849); see also In re Optical Technologies, Inc., 425 F.3d 1294, 1306 (11th Cir. 2005) (under Rule 60(b)(4) "a court may relieve a party from a final judgment or order based on a finding that the judgment is void"). This opinion provides notice to the parties of the possibility that the court may vacate both the ruling on the motion to remand and the final judgment after the passage of the 14 day statutory period. The parties also have the statutory 14 day period within which to object to these recommendations.

Rule 60(a), Fed. R. Civ. P. ("Rule 60(a)"), allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(a), Fed. R. Civ. P. Furthermore, the court may make the correction "on its own, with or without notice." Rule 60(a), Fed. R. Civ. P.; see Scola v. Boat Frances, R., Inc., 618 F.2d 147, 152-153 (1st Cir. 1980); see, e.g., Boston Car Company, Inc. v. Acura Automobile Division, 971 F.2d 811, 814-815 (1st Cir. 1992); Superchi v. Town of Athol, 170 F.R.D. 3, 6 (D.Mass. 1996). Neither party's substantive rights are affected by a recision of the order on the motion to reverse and a correction of the order to a report and recommendation. See Kant v. Apfel, 1997 WL 796159, *1 (4th Cir.

1997) (unpublished).[2]  In Kant:

> the magistrate judge entered a final order, without the required consent of all parties pursuant to 28 U.S.C.A. § 636(c).  As such, the magistrate judge only had jurisdiction to issue a report and recommendation.  See 28 U.S.C. § 636(b)(1) (1994).  When the magistrate judge realized this, he rescinded his previous order and filed a report and recommendation.
>
> We find that the entry of a "final order" by the magistrate judge was a "clerical" error, and as such, the magistrate judge retained the necessary jurisdiction to rescind this order until such time as the notice of appeal was docketed.

Kant v. Apfel, 1997 WL 796159, *1 (4th Cir. 1997).

The oversight in deciding the motion to reverse as an order rather than a report and recommendation is therefore subject to correction sua sponte under Rule 60(a).  The Commissioner's decision to seek a judgment of reversal and a remand of this action to the Social Security Administration for further administrative proceedings, including a supplemental hearing and the issuance of a new decision, moots plaintiff's request to reverse the decision and award benefits and attorney's fees.

---

[2]  Kant does not provide any precedent because the Fourth Circuit disfavors citation to unpublished decisions.  See Galustian v. Peter, 591 F.3d 724, 731 (4th Cir. 2010) ("citation of unpublished decisions is disfavored in our circuit"); U.S. v. Foster, 732 F.Supp.2d 649, 653 (W.D.Va. 2010) ("citation of unpublished decisions issued prior to January 1, 2007, is disfavored, 4th Cir. R. 32.1, and accordingly Shelton does not control the present case").  Instead, this court affords the decision in Kant only the weight generated by the persuasiveness of its reasoning.  See Hupman v. Cook, 640 F.2d 497, 501 & n.7 (4th Cir. 1981) (unpublished decisions "do not constitute binding precedent" and "are entitled only to the weight they generate by the persuasiveness of their reasoning").

Morever, plaintiff's supporting memorandum requests that "in the alternative, . . . this Court remand this claim for further development as permitted by 42 U.S.C. § 405(g) and the supporting case law." (Docket Entry # 12). Accordingly, it is appropriate to deny without prejudice the motion to reverse (Docket Entry # 11) as moot.

    With the court having now referred the motion to remand (Docket Entry # 14) to this court for a recommendation, this court turns to the merits of the motion. The Commissioner seeks the entry of a final judgment, a reversal and a remand to the Social Security Administration for further administrative proceedings. (Docket Entry ## 14 & 15). Sentence four of 42 U.S.C. § 405(g) gives the court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see Shalala v. Schaefer, 509 U.S. 292, 297 (1993). Entry of a judgment with a reversal of the Commissioner's final decision and a remand for further administrative proceedings is appropriate because, as the Commissioner points out, the Administrative Law Judge obtained a medical interrogatory from a medical expert but failed to provide this evidence to plaintiff.

CONCLUSION

This court **RECOMMENDS**[3] that this court's order on the motion to remand (Docket Entry # 14) and the entry of final judgment (Docket Entry # 16) be **VACATED** as void for lack of jurisdiction.[4] Once this court's order on the motion to remand is vacated, this court further **RECOMMENDS**[5] that the motion to remand (Docket Entry # 14) be **ALLOWED** and that the motion to reverse (Docket Entry # 11) be **DENIED** without prejudice and that the court enter a final judgment with a reversal and a remand of the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g).

　　　　　　　　　　　　　　　　/s/ Marianne B. Bowler
　　　　　　　　　　　　　　　**MARIANNE B. BOWLER**
　　　　　　　　　　　　　　　United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.

[4] Vacating the order will therefore reinstate the motion to remand (Docket Entry # 14) on the docket as a pending motion.

[5] See footnote three.